

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN -9 PM 3:31

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRICK PUGH #413145** | **CIVIL ACTION** |
| versus | **NO. 05-1205** |
| **BURL CAIN** | **SECTION: "T" (3)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

___ Fee_____
___ Process_____
_X_ Dktd_____
_√_ CtRmDep_____
___ Doc. No _____

Petitioner, Jerrick Pugh, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On March 28, 2001, he was convicted of second degree murder in violation of La.Rev.Stat.Ann. § 14:30.1.[2] On May 3, 2001, he was sentenced to a term of life imprisonment, without benefit of parole, probation, or suspension of sentence.[3] On October 16, 2002, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction and sentence.[4] He did not seek review of that judgment by filing a writ application with the Louisiana Supreme Court.[5]

On September 15, 2003, petitioner filed with the state district court an application asserting three claims.[6] The state district court denied two of those claims on September 25, 2003,[7] and denied the remaining claim on October 23, 2003.[8] Additionally, on October 17, 2003, petitioner

---

[2] State Rec., Vol. XVII of XX, transcript of March 28, 2001, p. 163; State Rec., Vol. IV of XX, minute entry dated March 28, 2001; State Rec., Vol. XII of XX, jury verdict form.

[3] State Rec., Vol. XVII of XX, transcript of May 3, 2001, p. 8; State Rec., Vol. IV of XX, minute entry dated May 3, 2001.

[4] State v. Pugh, 831 So.2d 341 (La. App. 5th Cir. 2002) (No. 02-KA-171); State Rec., Vol. IV of VI. The case was remanded for the sole purpose of having the state district court advise petitioner of the prescriptive period for seeking state post-conviction relief. The state district court advised petitioner of the prescriptive period in writing on October 28, 2002. State Rec., Vol. IV of XX.

[5] See State Rec., Vol. XX of XX, Verification of the Clerk of the Louisiana Supreme Court (stating that petitioner's only writ application concerning his conviction was in case number 2004-KH-0231, which related to his state post-conviction application).

[6] State Rec., Vol. I of XX.

[7] State Rec., Vol. I of XX, Order dated September 25, 2003.

[8] State Rec., Vol. I of XX, Order dated October 23, 2003.

filed with the state district court a supplemental post-conviction application[9] which was denied on October 23, 2003.[10] He next filed with the Louisiana Fifth Circuit Court of Appeal an application for a supervisory writ which was denied on December 9, 2003.[11] He then filed with the Louisiana Supreme Court an untimely application for a remedial writ or writs of certiorari or review[12] which was denied on February 4, 2005.[13]

On February 28, 2005, petitioner filed this federal application for *habeas corpus* relief.[14] In support of his application, petitioner claims:

1. African-Americans were restricted from serving on the jury in violation of <u>Batson v. Kentucky,</u> 476 U.S. 79 (1986);

2. Petitioner's confession was coerced and involuntary; and

3. Petitioner was incompetent to stand trial.

---

[9] State Rec., Vol. I of XX.

[10] State Rec., Vol. I of XX, Order dated October 23, 2003.

[11] <u>State ex rel. Pugh v. Cain</u>, No. 03-KH-1408 (La. App. 5th Cir. Dec. 9, 2003); State Rec., Vol. IX of XX.

[12] State Rec., Vol. XX of XX.

[13] <u>State ex rel. Pugh v. State</u>, 893 So.2d 870 (La. 2005) (No. 2004-KH-0231).

[14] Rec. Doc. 1.

The state argues that petitioner's federal application is untimely.[15] For the following reasons, this Court agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction or sentence becomes "final."[16] Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).

On October 16, 2002, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's conviction and sentence. Pursuant to Louisiana Supreme Court Rule X, § 5(a), he had thirty days, i.e. until November 15, 2002, to seek timely review of the intermediate appellate court's decision by filing a writ application in the Louisiana Supreme Court. Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the period that petitioner had to file his application for federal *habeas corpus* relief commenced on November 15, 2002, and expired one year later, unless that deadline was extended through tolling.

The Court first looks to statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-

---

[15] Rec. Doc. 5, pp. 7-12. The state alternatively argues that petitioner's application is also subject to dismissal because he failed to exhaust his state court remedies. In that his federal application is indeed untimely and should be dismissed on that basis, the Court need not consider the state's alternative argument.

[16] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are inapplicable in the instant case.

conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2).

Three hundred three (303) days of petitioner's one-year statute of limitations elapsed prior to being tolled by the filing of his post-conviction application on September 15, 2003. Although that application was denied, tolling continues uninterrupted during the period of appellate review, so long as petitioner sought such review in a timely manner. See Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-70 (5th Cir. 2004).

However, the state correctly notes that tolling ended with respect to petitioner's post-conviction application when his time expired for seeking timely review of the Louisiana Fifth Circuit Court of Appeal's related denial of the application.[17] The Louisiana Fifth Circuit Court of Appeal issued its judgment denying petitioner's state post-conviction application on December 9, 2003. Pursuant to Louisiana Supreme Court Rule X, § 5(a), petitioner had only thirty days, i.e. until January 8, 2004, to file a writ application seeking review of that judgment by the Louisiana Supreme Court. That rule expressly *prohibits* any extension of the thirty-day writ application deadline and provides for *no* exceptions. Williams v. Cain, 217 F.3d 303, 308 (5th Cir. 1999). Petitioner filed no writ application within that thirty-day period.

---

[17] The state also contends in its response that petitioner's writ application challenging the denial of his post-conviction application was untimely filed with the Louisiana Fifth Circuit Court of Appeal. However, the state court record contains no information regarding the date of that filing. In light of that fact, as well as the fact that petitioner's federal application is untimely in any event, the Court, for the purposes of this decision, will assume that the intermediate appellate court filing was timely.

The Court notes that petitioner subsequently filed a writ application with the Louisiana Supreme Court. However, the record reflects that his writ application was filed by mail in an envelope that was postmarked on January 9, 2004,[18] one day *after* the filing deadline. Accordingly, it could not have been received for filing by the deadline and, therefore, cannot be considered to have been "properly filed" so as to trigger § 2244(d)(2) tolling.[19] A petitioner is entitled to no tolling credit whatsoever for an untimely filing. Pace v. DiGuglielmo, ___ U.S. ___, ___, 125 S.Ct. 1807, 1812-14 (2005); see also Williams, 217 F.3d 303 (a petitioner is entitled to no tolling credit for an untimely Louisiana Supreme Court writ application).

For the foregoing reasons, the Court finds that statutory tolling ceased on January 8, 2004. At that point, petitioner had only sixty-two (62) days remaining of the one-year statute of limitations. Accordingly, his federal application had to be filed no later than March 10, 2004, unless the period was again tolled by an appropriate state court filing. However, during that period, petitioner had no properly filed applications for post-conviction relief or other collateral review

---

[18] State Rec., Vol. IX of XX, letter to petitioner from John Tarlton Olivier, Clerk of Court, dated January 23, 2004.

[19] The Court acknowledges that Louisiana Supreme Court Rule X, § 5(d) provides that an application filed by mail will be considered timely if it bears an official postmark on or before the deadline. That provision does not apply in this case, in that the postmark date is one day after the deadline.

Moreover, the Court notes that it is irrelevant for statutory tolling purposes when a prisoner gave an intended filing to prison officials for mailing. The United States Fifth Circuit Court of Appeals has expressly prohibited the application of a state "mailbox rule" to state post-conviction filings in statutory tolling calculations. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999); see also Richardson v. Dretke, 85 Fed. Appx. 394, 395 (5th Cir.), cert. denied, 125 S.Ct. 196 (2004); Kestler v. Cockrell, 73 Fed. Appx. 690, 691 (5th Cir. 2003).

pending before the state courts so as to entitle him to further tolling of the statute of limitations. Therefore, petitioner's deadline for filing for federal *habeas corpus* relief expired on March 10, 2004.

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

For the foregoing reasons, petitioner's federal application for *habeas corpus* relief had to be filed on or before March 10, 2004, in order to be timely. Petitioner's federal application was not filed until February 28, 2005,[20] and it is therefore untimely.

### RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the federal petition for *habeas corpus* relief filed by Jerrick Pugh be **DISMISSED WITH PREJUDICE**.

---

[20] Petitioner signed his federal *habeas corpus* application on February 28, 2005. Rec. Doc. 1. That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ninth day of January, 2006.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　 _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　 **DANIEL E. KNOWLES, III**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　 **UNITED STATES MAGISTRATE JUDGE**